UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARCUS A. LAWRENCE,

        Petitioner,

v.                                        Civil Action No. 2:18-cv-63

ERIC D. WILSON,

        Respondent.

## REPORT AND RECOMMENDATION

    This matter is before the Court on *pro se* Petitioner Marcus A. Lawrence's ("Petitioner")

Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF

No. 1, the Respondent Eric D. Wilson, former Warden, Federal Correctional Complex ("FCC")

Petersburg's ("Respondent") Response and Memorandum in Support of Respondent's Motion to

Dismiss Petitioner's Petition (hereinafter "Respondent's Motion to Dismiss") and *Rosboro*

Notice, ECF Nos. 3-4, and Petitioner's Response and Memorandum in Support of Petitioner's

Petition (hereinafter "Petitioner's Opposition"), ECF No. 5.

    The matter was referred for disposition to the undersigned United States Magistrate Judge

pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern

District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of

Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned

**RECOMMENDS** that the relief sought in Respondent's Answer, namely denial of the Petition

1

ECF No. 3, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2016, in the United States District Court for the District of Maryland, Petitioner was sentenced to forty-eight months of incarceration[1] followed by three years of supervised release for (1) Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), and (2) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g), arising from events that occurred on February 11, 2016.  ECF No. 3, attach. 3.  Based on the Bureau of Prisons ("BOP") records, Petitioner is scheduled to be released on or about August 6, 2019.[2]  *Id.*, attach. 4.

On February 17, 2017, BOP Paralegal Specialist Lori Cruz, with the Designation and Sentencing Computation Center ("DSCC"), completed an offense review of Petitioner, finding that he was categorically precluded from consideration of early release under 18 U.S.C. § 3621(e) due to his conviction of Felon in Possession of a Firearm because that conviction (1) "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" and (2) "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another."  *Id.*, attachs. 5, 10.  On March 3, 2017, Assistant General Counsel Robert Martinez approved the offense review, agreeing with Cruz that Petitioner was precluded

---

[1] Petitioner was sentenced to forty-eight months related to Count One and forty-eight months related to Count Two of the indictment, to be served concurrently.  ECF No. 3, attach. 3.
[2] Respondent appears to misstate Petitioner's projected release date in his argument, stating that Petitioner is projected to be released August 19, 2019.  ECF No. 3 at 4.

from early release under § 3621(e) because of his Felon in Possession of a Firearm conviction pursuant to BOP Program Statement 5162.05 § 4.e and 28 C.F.R. § 550.55(b)(5)(ii).[3] *Id.*

On May 9, 2017, Petitioner made a complaint to his Unit Manager at FCC Petersburg and his Unit Manager completed an Administrative Attempt at Informal Resolution form within which Petitioner seeks early release arguing that his crime was not violent and therefore should not preclude him from early release. *Id.*, attach. 6. The Unit Manager indicated Petitioner's complaint was not resolved. *Id.* Respondent received a Request for Administrative Remedy on June 1, 2017, conducted a review of Petitioner's eligibility for early release, and denied Petitioner's Request on June 9, 2017. *Id.*, attach. 7.

On July 21, 2017, Petitioner appealed Respondent's denial of his Request for Administrative Remedy to BOP Regional Director Angela P. Dunbar. *Id.*, attach. 8. On September 5, 2017, Dunbar affirmed Defendant's decision and denied Petitioner's appeal on based on Program Statements 5162.05 and 5331.02. *Id.* Petitioner then timely appealed to the BOP Central Office for Administrative Appeals. On November 6, 2017, Administrator for National Inmate Appeals Ian Connor denied Petitioner's appeal, finding that Petitioner's request for early release was properly considered under Program Statement 5331.02 and 28 C.F.R. §550.55(b)(5)(i) and (iii). *Id.*, attach. 9.

On February 5, 2018, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Therein, Petitioner alleges he has completed the

---

[3] BOP Program Statement 5162.05, Categorization of Offenses, lists and categorizes certain offenses to assist in the implementation of various BOP policies and programs, including categorizations of which offenses are considered crimes of violence and which offenses preclude an inmate from receiving certain program benefits. Title 28 C.F.R. § 550.55 provides statutory guidelines that define an inmate's eligibility for early release, which in conjunction with Program Statement 5331.02, determines eligibility for and practical application of the early release program under 18 U.S.C. § 3621(e).

Residential Drug Abuse Program ("RDAP") and has "exhausted all Administrative Remedies concerning his denial of the 'up to' 12-months [sic] early release." *Id.* While Petitioner does not define his claims with particularity, giving *pro se* Petitioner the benefit of liberal construction, the Court interprets Petitioner's claims as follows:

> Claim One: Petitioner claims that (a) the BOP improperly determined him ineligible for early release because the BOP's categorization of Petitioner's conviction under 18 U.S.C. § 922(g) as a violent offense as it relates to 18 U.S.C. § 3621(e)(2)(B) exceeds the scope of authority granted by Congress and (b) the BOP, in determining if an offense constitutes a crime of violence, must consider characteristics of the offense as determined by the United State District Judge at sentencing.
>
> Claim Two: Petitioner claims the BOP erred in relying on BOP Policy Statement § 550.55, which arbitrarily, capriciously, and categorically prevents certain inmates from taking advantage of the early release program in violation of the Administrative Procedures Act ("APA").
>
> Claim Three: Petitioner claims his constitutional right to Equal Protection was violated because he was denied early release while a similarly situated inmate was found eligible for early release.
>
> Claim Four: Petitioner claims the BOP's denial of his early release constitutes a violation of Petitioner's Due Process rights.

On April 27, 2018, Respondent filed Respondent's Motion to Dismiss,[4] ECF No. 3, and a *Roseboro* Notice, ECF No. 4. Respondent makes four arguments: (1) 18 U.S.C. § 3625 precludes judicial review of BOP's discretion concerning early release determinations; (2) BOP is not required to consider Petitioner's sentencing factors or the details underlying his conviction under § 922(g); (3) Petitioner's Equal Protection claim is without merit because Petitioner concedes the inmate he compares himself to was convicted of a different crime than Petitioner;

---

[4] While the caption of Respondent's Response—Response and Memorandum in Support of Respondent's Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241—implies Respondent had filed an earlier and/or separate motion to dismiss, the Court has received no such motion. Therefore, the Court construes the Response to be both an Answer to the Petition and a Motion to Dismiss.

(4) Petitioner's Due Process claim is without merit because there is no constitutionally protected liberty interest in early discretionary release. Thereafter, Petitioner filed Petitioner's Opposition. ECF No. 5. Accordingly, the Respondent's Motion, ECF No. 3, is ripe for recommended disposition.

## II.    DISCUSSION

Petitioner's main contentions relate to the BOP's determination that he is ineligible for the early release program. Specifically, Petitioner argues the BOP determined him ineligible for the early release program because the BOP has improperly interpreted 18 U.S.C. 3621(e) and has instituted overbroad and arbitrary procedures and policies to govern an inmate's eligibility for early release. ECF No. 1 at 1-7.

Before considering the merits of Petitioner's § 2241, the Court must ascertain whether it has jurisdiction over Petitioner's claims. Respondent does not dispute that § 2241 is the proper vehicle for asserting this type of claim,[5] and for the reasons explained below, the undersigned **FINDS** that this Court does have jurisdiction to consider the merits of the instant § 2241 Petition.

A. Section 2241 and Exhaustion of Remedies

Section 2241 authorizes the federal court to issue a writ of habeas corpus to state and federal prisoners who are "in custody in violation of the Constitution of laws or treaties of the United States." More specifically, a § 2241 habeas petition "challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of

---

[5] Notably, Respondent states that, although Warden Wilson is no longer the Petitioner's custodian, the Government does not contest jurisdiction in this case as jurisdiction over a petition for writ of habeas corpus is determined when the Petition was filed. ECF No. 3 at 1 n.1 (citing *Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990); *Ross v. Mebane*, 536 F.2d 1199 (7th Cir. 1976); *Harris v. Ciccone*, 417 F.2d 479 (8th Cir. 1969)).

detention, and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *see also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("Attacks on the execution of a sentence are properly raised in a § 2241 petition."). A prisoner must file a § 2241 habeas petition in the federal district where he is in custody. *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2006); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).

The federal district court may review a § 2241 habeas petition only after a petitioner exhausts his administrative remedies. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999). "Failure to exhaust may only be excused upon a showing of cause and prejudice." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). "Exhaustion of administrative remedies serves two main purposes." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). First, "exhaustion protects administrative authority [by] giv[ing] an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is [hauled] into federal court, and it discourages disregard of [the agency's procedures]." *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) (internal quotations omitted)). Second, exhaustion helps promote efficiency by allowing the resolution of claims in a quicker, more economical fashion before filing in federal court. *Id.*

Accordingly, the BOP established the Administrative Remedy Program as set forth in 28 C.F.R. §§ 542.10-19, which outlines the procedure through which an inmate may seek formal review of an issue or complaint relating to his confinement. Generally, a prisoner must first attempt to resolve the matter through informal discussion with BOP staff. 28 C.F.R. § 542.13(a).

6

If this is unsuccessful, the inmate may then submit "a formal written Administrative Remedy Request, on the appropriate form" at his place of incarceration. *Id.* § 542.14. "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15. Thereafter, an inmate may appeal "to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* This constitutes "the final administrative appeal." *Id.* Here, Petitioner applied for early release and was denied. Thereafter he complained to his Unit Manager and there was an unsuccessful Administrative Attempt at Informal Resolution. ECF No. 3, attach. 6. Petitioner submitted a Request for Administrative Remedy to Respondent which was denied. *Id.*, attach. 7. Petitioner appealed Respondent's denial of his Request for Administrative Remedy to the BOP Regional Director who denied his appeal. *Id.*, attach. 8. Petitioner further appealed to the BOP Central Office for Administrative Appeals, who denied his appeal on November 6, 2017. *Id.*, attach. 9. Subsequently, having exhausted his administrative remedies, Petitioner filed the instant Petition with this Court. ECF No. 1. The undersigned **FINDS** that Petitioner dutifully appealed his claim through the BOP's prescribed administrative remedy scheme and has therefore properly exhausted his remedies. *See* Part I, *supra.* The Court now turns to the merits of the Petition.

   B. 18 U.S.C. § 3625 Precludes Judicial Review of the BOP's Decision

   Respondent argues that judicial review of the BOP's Decision to deny petitioner earlier release is precluded by 18 U.S.C. § 3625. ECF No. 3 at 8-9. "Regarding judicial review of the BOP's discretionary authority, this court has already concluded that 'judicial review of those subsections [referring to 18 U.S.C. § 3621(e)(2)(B)] is specifically excluded under the

7

[Administrative Procedures Act] APA by the express terms of § 3625.'" *Hurdle v. Wilson*, No. 2:16cv510, 2017 U.S. Dist. LEXIS 118095, at *8 (alterations in original) (quoting *Reed v. Wilson*, No. 1:14cv652, 2015 U.S. Dist. LEXIS 117262, at *3 (E.D. Va. Sept. 2, 2015)). Although the APA allows individuals to bring civil suits challenging agency actions, under 5 U.S.C. § 702, courts may not review civil claims challenging an agency's action if it is "preclude[d] [from] judicial review" or the "agency action is committed to agency discretion by law." *Id.* at § 701(a). In 18 U.S.C. § 3625, Congress expressly barred Petitioner's claim because the provisions permitting judicial review of agency action "do not apply to the making of any determination, decision or order under this subchapter." Further, courts have determined that the issues identified in Petitioner's Claim One and Claim Two are within BOP authority. Regarding Claim One, Petitioner argues that the BOP's categorization of § 922(g) as a crime of violence exceeds the BOP's scope of authority, and that the BOP must consider characteristics of the offense as determined by the United State District Judge at sentencing in determining if a crime is violent. However, the Court of Appeals for the Fourth Circuit has explicitly stated that the BOP's creation of its own definition for "crime of violence" and adopting a policy statement "which lists specific offenses that will be considered violent" is within the BOP's authority. *Pelissero v. Thompson*, 170 F.3d 442, 447 (4th Cir. 1999). Therefore, the BOP is well within its authority to utilize Policy Statement 5162.05 to categorize § 922(g) as a crime of violence and the BOP is not required to consider characteristics of the offense or sentencing factors in determining that § 922(g) is a crime of violence. Regarding Claim Two, Petitioner argues that the BOP erred in relying on BOP Policy Statement § 550.55, which arbitrarily, capriciously, and categorically prevents certain inmates from taking advantage of the early release program in

8

violation of the Administrative Procedures Act ("APA"). However, the BOP properly exercises its discretion to deny also certain categories of other inmates who were convicted of non-violent crimes. *Lopez v. Davis*, 531 U.S. 230 (2001) (finding that the BOP permissibly exercises its discretion under §3621(e)(2)(B) when it categorically excludes from early release consideration inmates convicted of non-violent offenses for other reasons). It is well settled that Petitioner's grievances in Claim One and Claim Two are within the BOP's authority under §3621(e). Thus, because the BOP acted within its authority 18 U.S.C. § 3621 in determining Petitioner's ineligibility for early release, the undersigned **FINDS** that the BOP's determination is precluded from judicial review.

C. Petitioner's Equal Protection and Due Process Claims

Petitioner also makes an Equal Protection Claim (Claim Three) and a Due Process Claim (Claim Four). ECF No. 1. Petitioner "contents [sic] that based upon the above discussion, [Petitioner] has been denied his Due Process and Equal Protection of Law" arising from the BOP's use of Policy Statements as a guide to determine if an inmate is eligible for early release. ECF No. 1 at 9. However, the Court agrees with Respondent that these claims lack merit. *See* ECF No. 3 at 10.

Again, affording *pro se* Petitioner the benefit of liberal construction, the Court interprets the Petition to claim that Petitioner's constitutional right to Equal Protection was violated because he was denied early release while a similarly situated inmate was found eligible for early release. ECF No. 1 at 7-9. To assert a valid Equal Protection claim, Petitioner must show that (1) the BOP treated him differently from others similarly situated and that treatment was (2) based on intentional and purposeful discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654

9

(4th Cir. 2001). Petitioner's argument for disparate treatment under the Equal Protection Clause stems from the BOP's implementation of Program Statement 5331.02, Early Release Procedures under 18 U.S.C. § 3621(e), in conjunction with Program Statement 5162.05, Categorization of Offenses. Petitioner contends that the circumstances underlying the convictions of he and another inmate were that they were both felons in possession of weapons, but that Petitioner was denied earlier release while the other inmate was granted release. *Id.* at 8. However, as Petitioner states, ECF No 1 at 8, and as highlighted by Respondent, ECF No. 3 at 10, Petitioner was convicted under 28 U.S.C. § 922(g) – Felon in Possession of a Firearm, while the other inmate was convicted under 28 U.S.C. § 922(j) – Receipt and Possession of a Stolen Firearm. Although the underlying circumstances of the convictions of Petitioner and this other inmate may be similar, that is not the metric by which the BOP determines which inmates are eligible or ineligible for the early release under 18 U.S.C. § 3621(e). Rather, the BOP looks at the conviction itself to determine eligibility. *See* Program Statement 5162.05 at 3-4 (showing that § 922(g) is categorized as a crime of violence and § 922(j) is not). Petitioner has asserted no facts to support a claim that other inmates convicted of the same crime as Petitioner have been treated differently from him. *See Horton v. Wilson*, No. 2:17cv177, 2017 U.S. Dist. LEXIS 201427, at *11-12 (E.D. Va. Nov. 8. 2017) (denying petitioner's Equal Protection claim because petitioner failed to show another inmate with the same conviction was treated differently by BOP in denying early release); *McAloney v. Guitierrez*, 557 F. Supp. 2d 694, 698 (N.D. W. Va. 2008) (denying petitioner's Equal Protection claim because petitioner failed to show another inmate with the same conviction was treated differently by BOP in denying early release). Thus, because Petitioner has failed to demonstrate that Petitioner was treated differently from any other

10

inmate convicted under §922(g) and that disparate treatment was due to intentional or purposeful discrimination, the Court **FINDS** Petitioner's Equal Protection claim, Claim Three, is without merit.

Turning to Petitioner's Due Process claim, the Court liberally construed *pro se* Petitioner's Petition to claim that the BOP's denial of his early release constitutes a violation of Petitioner's Due Process rights under the Fifth Amendment. ECF No. 1 at 5-9. To prove Petitioner has suffered a violation of his Due Process rights, Petitioner must show he has been deprived of a vested liberty interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivations of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). However, there is no constitutionally-protected liberty interest in early release from incarceration. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Mack v. Wilson*, 1:14cv259, 2015 U.S. Dist. LEXIS 27857, *7 (E.D. Va. Mar. 4, 2015). To constitute a constitutionally protected liberty interest there must be a legitimate claim of entitlement, and Petitioner's mere expectation of a benefit or an abstract need or desire for such is insufficient to trigger the Due Process Clause. *See Roth*, 408 U.S. at 577. Thus, because Petitioner has not been deprived of a vested liberty interest, the Court **FINDS** Petitioner's Due Process claim, Claim Four, is without merit.

## III.   RECOMMENDATION

In summation, while Petitioner properly exhausted his claim, the undersigned **FINDS** that 18 U.S.C. § 3625 precludes judicial review of the BOP's decision that Petitioner was not eligible for consideration of early release.  Further, the undersigned **FINDS** that even if judicial review were permissible under the guise of violations of Petitioner's Equal Protection and Petitioner's Due Process rights, those claims lack merit.   Therefore, the undersigned **RECOMMENDS** that Respondent's Motion, ECF No. 3, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED AND DISMISSED WITH PREJUDICE**.

## IV.   REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d).  A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2.  A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S.

12

140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

 The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and counsel of record for the Respondent.

/s/

Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 15, 2018